An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: A.D.K.,

_____

STEVEN K.,
Appellant,
vs.
MARCHETTA D. F/K/A MARCHETTA K.,
Respondent.

No. 60175



FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a petition to terminate appellant's parental rights as to his minor child. Third Judicial District Court, Lyon County; William Rogers, Judge.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800, 8 P.3d 126, 132 (2000). Evidence of parental fault may include parental unfitness, token efforts, or a risk of injury to the child if the child is returned to the parent. NRS 128.105(2)(c), (e), and (f); Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). Additionally, parental unfitness may be shown by a parent's felony criminal conviction "if the facts of the crime are of such a nature as to indicate the unfitness of the parent to provide adequate care and control to the extent necessary for the child's physical, mental or emotional health and development." NRS 128.106(6); see also Matter of Parental Rights as to K.D.L., 118 Nev. 737, 746, 58 P.3d 181, 187 (2002). This court will uphold the district court's

13- 07823

termination order if it is supported by substantial evidence. Matter of Parental Rights as to D.R.H., 120 Nev. at 428, 92 P.3d at 1234.

On appeal, appellant contends that there was not clear and convincing evidence of parental fault or that termination was in the child's best interest. Appellant argues that up until his separation from the child, he was a loving father and his lack of contact with the child has been caused by his incarceration and by respondent concealing the child from him. Appellant also contends that the district court improperly relied on a presentence investigation report, which contained prejudicial hearsay and opinions, and was admitted in violation of NRS 176.156(5) (providing that, with the exception of certain required disclosures, a presentence investigation report is confidential and must not be made a part of any public record). Appellant also argues that respondent's testimony that appellant molested the child was unsubstantiated and that the record contains no factual basis that termination was in the child's best interest.

Having considered the parties' arguments along with the appellate record, we conclude that substantial evidence supports the district court's order to terminate appellant's parental rights. Even assuming that the district court should not have relied on information in the presentence investigation report, the district court otherwise found clear and convincing evidence, based on respondent's testimony, that appellant had inserted his finger into the child's vagina when she was 13 months old. It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. See Castle v. Simmons, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). Additionally, the district court found that appellant had been convicted of lewdness with a child under the age of 14,

involving appellant's sexual misconduct with another girl, and was serving a term of life in prison with the possibility of parole after 10 years. The nature of appellant's conduct established parental fault, in that appellant was unfit to provide adequate care for his child, <u>see</u> NRS 128.106(6), and that termination of appellant's parental rights was in the child's best interest. <u>See</u> NRS 128.105(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. William Rogers, District Judge
Erik R. Johnson
Rick Lawton
District Court Clerk

